IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 05-0038 |
| v. | : | |
| | : | CIVIL ACTION NO. 13-4524 |
| VERNON DOUGLAS | : | |

**SURRICK, J.**                                                                                                                   **DECEMBER  9 , 2014**

### MEMORANDUM

Presently before the Court is Defendant Vernon Douglas's Motion for Discovery of the Identity and Other Information Pertaining to the Confidential Informant (ECF No. 154). For the following reasons, Defendant's Motion will be denied.

**I.  BACKGROUND**

On September 21, 2005, a jury found Defendant guilty of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1), possession of cocaine base in violation of 21 U.S.C. § 844(a), possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Defendant was also found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 924(g)(1) in a stipulated non-jury trial. Defendant was ultimately sentenced to a total period of incarceration of 220 months to be followed by three years of supervised release.

The verdict of the jury was based upon the following facts.[1]

> On June 22, 2004, Police Officer Nathan London and a confidential informant went to Douglas's home and conducted an undercover drug purchase. The

---

[1] These are the facts recited by the Third Circuit Court of Appeals in its opinion denying Defendant's appeal. *See United States v. Douglas*, 476 F. App'x 967, 968-69 (3d Cir. 2012).

> confidential informant knocked on Douglas's door, and when Douglas answered, the confidential informant asked for "four," and gave Douglas a prerecorded $20 bill. Douglas went into the house and returned with small objects. After the purchase, the confidential informant gave Officer London the four pink-tinted packets, which later testing revealed to be crack cocaine.
>
> The next day, officers executed a search warrant on Douglas's home. At the time of the search, Douglas was the only person in the house. Officers arrested Douglas and searched him, finding $306 cash, including the prerecorded $20 bill used as buy money the previous day. The officers searched the house. They found a triple beam scale, commonly used to weigh drugs, in the dining room. Inside a piano bench, they found a bag with a large amount of cocaine. In the living room, the officers found two pink-tinted packets containing crack cocaine in a magnetic Hide-a-Key attached to a tool box near the front door of the house. Officers found three guns, one inside the toolbox, another inside a vase in the living room, and a third in the bedroom. Officers also found Douglas's social security card and driver's license in the house.

*Douglas*, 476 F. App'x at 968-69.

On August 7, 2013, Defendant filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 119.) Counsel was appointed to represent Defendant on March 21, 2014. Counsel filed an amended motion. On October 30, 2014, new counsel was appointed to represent Defendant. On October 30, 2014, the instant Motion for Discovery of the Identity and Other Information Pertaining to the Confidential Informant was filed by newly appointed counsel. (Def.'s Mot., ECF No. 154.)

In his § 2255 motion, Defendant argues that Government witnesses "presented false evidence that Defendant sold drugs to a confidential informant." (*Id.* at 2.) Defendant contends that the confidential informant can testify that Defendant did not sell drugs to the confidential informant on the day in question and that trial counsel was ineffective in failing to get the identity of the confidential informant. (*Id.* at 3.) Defendant now seeks discovery regarding the

identity of the confidential informant, as well as other details about the confidential informant.[2]

## II.  LEGAL STANDARD

The Government has the right to withhold the identity of a confidential informant, with certain exceptions.  *Rovario v. United States*, 353 U.S. 53, 59 (1957).  Recognizing that the privilege is limited by "fundamental requirements of fairness," *id.* at 60, the Supreme Court has stated that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  *Id.* at 60-61.

"[T]here is no fixed rule as to when disclosure is required."  *United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981).  "[O]nce a defendant sets forth a specific need for disclosure the court should balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'"  *Id.* (quoting *Rovario*, 353 U.S. at 62).  The defendant bears the burden of demonstrating the need for disclosure.  *United States v. Johnson*, 677 F.3d 138, 143 (3d Cir. 2012).

## III.  DISCUSSION

The first step in determining whether disclosure of a confidential informant's identity is necessary "is to ascertain what need, if any, the defendant has alleged for disclosure."  *Jiles*, 658 F.2d at 197.  Defendant contends that "[t]he identity of the confidential informant is central to proving the claims in Defendant's 2255 Motion," because "[t]he confidential informant is the only person who could impeach the testimony of the police officers regarding the alleged controlled buy."  (Def.'s Mot. 3.)  This is not sufficient.

---

[2] We note that there is an indication in the filings of both Defendant and the Government that the confidential informant here may be dead.  However, the Government has been unable as of this time to confirm that fact.

In *Jiles*, the Third Circuit recognized that "[t]he mere speculation that an eyewitness may have some evidence helpful to [a] defendant's case is not sufficient to show the specific need required by *Roviaro*." *Jiles*, 658 F.2d at 197.  Defendant's argument is nothing more than speculation that the confidential informant would contradict the testimony of Officer London, who was standing next to the informant during the controlled buy.  (Sept. 19 Trial Tr. at 34-35 (on file with Court).)  This is not a case in which the confidential informant was the sole eyewitness to the crime.  *Cf. Rovario*, 353 U.S. at 64 (noting that the defendant and confidential informant "were alone and unobserved during the crucial occurrence for which he was indicted").  Officer London was standing next to the confidential informant during the controlled buy and testified that it was Defendant who sold the drugs to the confidential informant.  Moreover, Officer London had provided the confidential informant with a prerecorded twenty-dollar bill to use for the buy.  When officers executed the search warrant at Defendant's residence the next day, Defendant had the prerecorded bill in his pocket.  (Sept. 19 Trial Tr. at 34-35; 42-44.)

The Third Circuit's recent opinion in *Johnson*, 677 F.3d at 143, is directly on point.  The court in *Johnson* found that the district court was "well within its discretion in denying [the defendant's] motion" to disclose the identity of a confidential informant who had participated in a controlled drug purchase.  In *Johnson*, a police officer was in the parking lot at Home Depot with the confidential informant at the time of the controlled purchase.  *Id.* at 140.  The Court of Appeals concluded that, "[t]hough the confidential informant was an eyewitness to the two drug transactions, [the Defendant's] suggestion that his testimony would support a mistaken-identity defense is speculative because Officer Fahy, who was present at both buys, positively identified [the defendant]." *Id.* at 143.

As in *Johnson*, Defendant's speculation that the confidential informant's testimony would contradict Officer London's testimony fails to demonstrate that disclosure would be "relevant and helpful to the defense of an accused, or . . . essential to a fair determination of a cause." *Rovario*, 353 U.S. at 60-61; *see also United States v. Brenneman*, 455 F.2d 809, 811 (3d Cir. 1972) (per curiam) (stating that the "[a]ppellant's speculation that testimony or information from the informant might have been used to impeach or cross-examine Holly . . . does not persuade us" that disclosure of the informant's identity would be helpful to the defense (footnote omitted)).  Accordingly, disclosure of the confidential informant's identity is not appropriate here.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Discovery of the Identity and Other Information Pertaining to the Confidential Informant will be denied.

An appropriate Order follows.

                    **BY THE COURT:**

                    _____
                    **R. BARCLAY SURRICK, J**.